IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL DON SMITH,              )
                               )
            Petitioner,         )
                               )
      vs.                       )        Case No. CIV-06-1434-HE
                               )
DAVID PARKER,                   )
                               )
            Respondent.         )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this habeas action pursuant to 28 U.S.C. § 2254, challenging his conviction of cultivation of a controlled dangerous substance (marijuana) after former conviction of a felony in Case No. CF-2002-96, District Court of Noble County.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent has filed a response to the petition [Doc. No. 8] and the state court record which includes the trial transcripts ("Tr.").  Petitioner has filed a reply [Doc. No. 14] and thus, the matter is at issue.  For the reasons set forth below, it is recommended that the petition be denied.

## Procedural and Factual History

In April 2002 an anonymous tipster informed the Noble County Sheriff's Office that marijuana was growing in a rural part of the county near a house that had sustained severe tornado damage. Petition, p. 5;  Tr. Vol. I, pp. 142-43, 145-46.  A sheriff's deputy visited the area and found several marijuana plants growing on a tract of land equipped with an electric watering system.  Petition, pp. 5-6;  Tr. Vol. I, pp. 143-44, 146-47.  Oklahoma Bureau of

Narcotics agents assisted with the investigation and set up video surveillance of the marijuana patch. Petition, p. 6; Tr. Vol. I, pp. 186, 189-90.

For approximately two months, the video cameras were left at the location. Petition, p. 7; Tr. Vol. I, pp. 190-91. Two people, stipulated to be Petitioner and his common-law wife, Yvonne Toy, were observed on the tape, and they appeared to be tending to the marijuana plants. Petition, p. 7; Tr. Vol. I, pp. 192-94. On August 23, 2002, Ms. Toy was stopped while driving and arrested for cultivating marijuana. Petition, p. 7; Tr. Vol. II, pp. 61-62, 71. The arresting officers informed Ms. Toy that they had video footage of her tending to the plants in the marijuana patch, informed her of her *Miranda*[1] rights, and then questioned her on the side of the road. Petition, p. 7; Tr. Vol. II, pp. 64, 66. In response to the officers' questioning, Ms. Toy purportedly confessed to cultivating marijuana. Petition, pp. 10-11; Tr. Vol. II, pp. 66-67, 78, 124-25.

Petitioner and Ms. Toy were both charged with cultivation of a controlled dangerous substance (marijuana) in Case No. CF-2002-96, District Court of Noble County, and they elected to be tried jointly. Tr. Motion Hearing, pp. 93-94. The co-defendants did not testify at trial. Petitioner was found guilty of cultivating marijuana, and during the sentencing stage, the jury found Petitioner guilty of having a previous felony conviction. In accordance with the jury's recommendation, he was sentenced to thirty years imprisonment. Petitioner appealed his conviction and sentence, raising the same four propositions of error which he

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

raises before this Court. Petition, p. 2; Response, Ex. 1 (Petitioner's Direct Appeal Brief, Case No. F-2004-749). The Oklahoma Court of Criminal Appeals ("OCCA") rejected Petitioner's claims on the merits and affirmed his conviction and sentence. Response, Ex. 3 (*Smith v. State*, No. F-2004-749 (Okla. Crim. App. December 29, 2005)). Petitioner states that he has not pursued post-conviction relief. Petition, p. 3.

In Ground One of the habeas petition, Petitioner alleges that the admission of his co-defendant's confession at their joint trial violated his rights under the Confrontation Clause. Petition, pp. 9-13. In Ground Two, Petitioner contends that the prosecutor made improper remarks to the jury, resulting in the denial of a fundamentally fair trial. Petition, pp. 14-16. Petitioner alleges in Ground Three that he was prejudiced by the ineffective assistance of his trial counsel. Petition, pp. 17-22. In Ground Four, Petitioner contends that the cumulative effect of errors at trial deprived him of a fundamentally fair trial. Petition, p. 24.

## ANALYSIS

### Standard Governing Habeas Corpus Review

For factual and legal matters that have been adjudicated in state court, this Court may grant a writ of habeas corpus relief only if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. *See Gipson v. Jordan*,

376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result - not its rationale - is 'legally or factually unreasonable.'") (citation omitted).

A state court's decision is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413. "AEDPA's conception of objective unreasonableness lies 'somewhere between *clearly* erroneous and unreasonable to all reasonable jurists." *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)). "Thus, 'only the most serious misapplication of Supreme Court precedent will be a basis for relief under § 2254.'" *Id.* (quoting *Maynard*, 468 F.3d at 671). In conducting the AEDPA deferential inquiry, the Court presumes that the state court factual findings are correct, and the burden of rebutting this presumption by clear and convincing evidence is placed on the petitioner. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924-25 (10th Cir. 2004).

## I.   <u>Ground One - Co-Defendant's Statements and the Confrontation Clause</u>

As on direct appeal, Petitioner alleges that the admission of the "purported

4

confession" of his co-defendant, Ms. Toy, in their joint trial deprived him of his constitutional right to confront the witnesses against him.  Petition, pp. 9–12; *see also* Response, Ex. 1, pp. 8-16.  Petitioner claims that he was prejudiced by admission of the confession because Ms. Toy's statements provided the "'only' evidence establishing with certainty that the activity observed in the video tapes was, in fact, the cultivation of marijuana." Petition, p. 10.  Respondent contends habeas relief is unavailable on this issue because, in response to Petitioner's express waiver of separate counsel and severance of trial from his co-defendant's, the trial court avoided any violation of the Confrontation Clause by redacting Ms. Toy's confession to omit any references to Petitioner and by further instructing the jury that the confession could only be considered against the defendant who made the confession.  Response, pp. 5-8.

Prior to trial, the trial judge held a *Jackson v. Denno*[2] hearing and concluded that Ms. Toy's roadside oral statements were voluntary and therefore, admissible against her. Petition, p. 9; Tr. Motion Hearing, pp. 74, 92.  At the hearing, the trial court granted the defendants' motion to waive conflict of interest and severance of trial and entered an order *in limine* that  Ms. Toy's confession be redacted to exclude any reference to Petitioner.  Tr. Motion Hearing, pp. 94-96.  The State pointed out that the redaction would not be difficult because Ms. Toy's statements were oral rather than written.  *Id.* at 95.

---

[2]In *Jackson*, the Supreme Court held that a defendant who objects to the admission of a confession on voluntariness grounds has a constitutional right to a fair hearing and an independent and reliable determination of voluntariness before the confession is allowed to be heard by the jury. *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964).

Reviewing only for plain error,[3] the OCCA rejected Petitioner's Sixth Amendment claim on direct appeal.  Specifically, the OCCA found that "[Petitioner's] rights under the Confrontation Clause were not violated by the admission of the non-testifying co-defendant's confession with a proper limiting instruction when the confession was redacted to eliminate any reference to [Petitioner's] existence."  Response, Ex. 3, p. 2 (citing *Richardson v. Marsh*, 481 U.S. 200, (1987); *Keeling v. State*, 810 P.2d 1298, 1302 (Okla. Crim. App. 1991)).  The OCCA rejected Petitioner's reliance on *Crawford v. Washington*, 541 U.S. 36 (2004), *Arizona v. Fulminate*, 499 U.S. 279, 283-288 (1991), and *Bruton v. United States*, 391 U.S. 123, 124-27 (1968), stating that "[e]ach of these cases involves fact situations distinctly different from the case at hand and renders them inapplicable to any resolution of the alleged error."  *Id.*

The Sixth Amendment's Confrontation Clause, made applicable to the States through the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. Const. Amend. VI. In *Bruton*, the Supreme Court held that a defendant's rights under the Confrontation Clause are violated when his non-testifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant.  *Bruton*, 391 U.S. at 124-26.[4]   The Court

---

[3]Petitioner did not object at trial to the introduction of the officers' testimony regarding Ms. Toy's statements.

[4]The Supreme Court found that the co-defendant's confession which named and

(continued...)

subsequently held, however, that a co-defendant's statement may be introduced at trial if "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence," and the court also gives "a proper limiting instruction." *Richardson v. Marsh*, 481 U.S. 200, 201-02, 211 (1987). *See Spears v. Mullin*, 343 F.3d 1215, 1230 (10th Cir. 2003) ("'*Richardson* allows a court, despite the Confrontation Clause, to admit the confession of a non-testifying co-defendant [that does not expressly implicate the defendant]. The confession must be (i) redacted to eliminate any reference to the non-confessing defendant, and (ii) accompanied by an appropriate limiting instruction that the confession is to be considered only against the confessor.'") (quoting *Fowler v. Ward*, 200 F.3d 1302, 1307 (10th Cir. 2000)).

At Petitioner's trial, Freddie Garza testified that he was working as a narcotics investigator in August 2002, and when he viewed the surveillance video tapes that were positioned near the marijuana plants, he recognized Petitioner and Ms. Toy.  Tr. Vol. II, pp. 65, 67.  He further testified that on August 23, 2002, he stopped Ms. Toy in her vehicle, issued a *Miranda* warning, and informed her that she had been observed on video tape amongst marijuana plants during his investigation.  Tr. Vol. II, pp. 66, 71.  Garza testified that in response Ms. Toy stated that she grew marijuana because it was too expensive to buy

---

[4](...continued)
implicated defendant Bruton was so powerfully incriminating that the Court could not disregard the substantial risk the jury would consider the testimony despite instructions not to do so. *Bruton*, 391 U.S. at 126-28, 135.

and that it harmed no one.  Tr. Vol. II, pp. 64-66[5]; 78-80; 82.  Officer Leone, who was also present at Ms. Toy's arrest, testified similarly, adding that Ms. Toy expressed her disagreement with the laws regarding marijuana.  Tr. Vol. II, pp. 123-126.  Apart from the testimony regarding Ms. Toy's statements, both officers also testified they were aware that Petitioner and Ms. Toy were in a common-law marriage and that the co-defendants resided together a short distance from the marijuana field under investigation.  Tr. Vol. II, pp. 67, 126; 134-35.

Petitioner argues that the OCCA's rejection of his Sixth Amendment claim was an "unreasonable application of the facts . . . ."  Petitioner's Reply, p. 3.  He asserts specifically that the "[t]estimony relating to the confession, particularly when viewed in context with additional trial evidence, clearly inculpated Petitioner."  Petition, p. 9.  According to Petitioner, the redaction of Ms. Toy's confession was "transparent" because there were only two defendants in the courtroom who were both charged with the same offense, and thus, the jury "could easily view the admission of one defendant as implicating the other."  Petitioner's Reply, p. 4.  Petitioner further argues that admission of Ms. Toy's statements had "such an impact on the jurors that they could not put it out of their minds, even when instructed to do so."  *Id.*

---

[5]Garza testified that when he informed Ms. Toy the video camera had captured her looking closely at the marijuana buds, Ms. Toy stated, "I remember looking at the marijuana plants that specific time simply because I was thinking I was taking care of my babies."  Tr. Vol. II, p. 66.  Garza testified that Ms. Toy admitted to the cultivation of marijuana and stated she was doing it "because God put it on this earth to enjoy and that it was too expensive to buy so she would just grow it for herself."  *Id.*, pp. 66-67.

Petitioner's argument is without merit.  As the OCCA pointed out in response to Petitioner's claim that his constitutional right of confrontation was violated, the admission of Ms. Toy's confession comported with the Supreme Court's holding in *Richardson v. Marsh*, *supra.*  Response, Ex. 3, p. 2.  The rule in *Bruton* does not apply to "statements that are not directly inculpatory but only inferentially incriminating."  *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007).  *See also Gray v. Maryland*, 523 U.S. 185, 195 (1998) (noting that the decision in *Richardson v. Marsh* "placed outside the scope of *Bruton*'s rule those statements that incriminate inferentially"); *United States v. Chatman*, 994 F.2d 1510, 1513 (10th Cir. 1993) (inferential incrimination argument unavailing to show *Bruton* violation).  The testimony by Officers Garza and Leone concerning Ms. Toy's confession did not expressly incriminate or even mention Petitioner.  Petitioner's argument that Ms. Toy's confession, "particularly when viewed in context with additional trial evidence, clearly implicated [him]" demonstrates exactly why this case, like *Richardson,* falls outside the exception created in *Bruton* - because "the confession was not incriminating on its face, and became so only when linked with evidenced introduced later at trial . . . ."  *Richardson,* 481 U.S. at 208.

Moreover, the trial court issued a jury instruction to give separate consideration to the case of each individual defendant and, in addition, a separate limiting instruction requiring the jury to consider any admission only against the defendant who made the admission.  Response, Exs. 5 and 6.  Although Petitioner contends that these instructions were "insufficient" to cure the prejudicial effect against Petitioner, Petition, p. 12, juries are

9

expected and presumed to follow such instructions. *Richardson*, 481 U.S. at 211 ("The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process."); *see also Hale v. Gibson*, 227 F.3d 1298, 1325 (10th Cir. 2000) (juries are presumed to have followed instructions) (citing *Shannon v. United States*, 512 U.S. 573, 585 (1994)).[6]

As the OCCA found, Petitioner's rights under the Confrontation Clause were not

---

[6]In his reply Petitioner argues for the first time that the limiting instruction required by *Richardson v. Marsh* must be given "immediately following the admission of the confession." Petitioner's Reply p. 3-4 (citing *Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001)). Such language does not appear in *Moore*. However, to the extent Petitioner asserts that the trial court violated his federal constitutional rights by failing to issue an immediate limiting instruction following the introduction of testimony regarding Ms. Toy's confession, such claim has not been exhausted as required by 28 U.S.C. § 2254(b)(1). Petitioner did not allege a *Richardson* instructional error on direct appeal but relied on *Bruton*, *Crawford*, and *Fulminate*, *supra*. Response, Ex.1, pp. 8-16.

Notwithstanding Petitioner's failure to exhaust such claim, it may be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). In the context of the entire case, any omission of an immediate instruction was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (habeas relief may not be granted unless the court finds the trial error "had substantial and injurious effect or influence in determining the jury's verdict") (quotation omitted); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (Confrontation Clause violations are constitutional trial errors subject to harmless error analysis). The record shows that substantial other independent evidence supported the jury's finding that Petitioner was guilty of cultivating marijuana, including his stipulated presence at the marijuana patch, as shown on the video surveillance tape, Tr. Vol. II,. pp. 155-56; the testimony that upon arrest Petitioner was wearing the same belt observed on the video tape, Tr. Vol. II, p. 68; the finding in Petitioner's trailer of the shears as seen on the video tape, Tr. Vol. II, 166, 169; the watering system in place at the marijuana patch, Tr. Vol. II, p. 119; and Petitioner's name on the electric bill for the property being cultivated, Tr.Vol. II, p. 167, States Exhibit 33. Therefore, Petitioner fails to show how any *Richardson* instructional error had a substantial and injurious effect on his trial, and to the extent such claim is considered, it does not merit habeas relief.

violated because the testimony concerning Ms. Toy's statements was redacted to eliminate any mention or obvious implication of Petitioner's existence or his involvement in the marijuana cultivation. *Richardson*, 481 U.S. at 211.  Further, nothing about the officers' redacted testimony made a direct or even inferential reference to Petitioner.  Moreover, the jury was explicitly instructed to consider Ms. Toy's statements as evidence only against her. Thus, the evidence admitted concerning Ms. Toy's confession was not admitted against Petitioner.  *Id.* at 206 (explaining that witness whose testimony is introduced at joint trial is not considered to be witness "against" defendant if jury is instructed to consider testimony only against co-defendant).

Accordingly, the undersigned finds that Petitioner has failed to establish that the OCCA's rejection of his Sixth Amendment confrontation claim was contrary to or an unreasonable application of clearly established federal law.  The undersigned therefore recommends that habeas corpus relief be denied on this claim.

## II.   **Ground Two - Prosecutorial Misconduct**

In Ground Two, Petitioner claims that the prosecutor made improper arguments to the jury which prejudiced him and denied him a fundamentally fair trial.  Petition, p. 14. Specifically, Petitioner alleges that during closing arguments the prosecutor improperly vouched for the credibility of the State's witnesses, particularly Agent Gibson, one of the arresting officers.  *Id.*, p. 15.  Petitioner further alleges that in distinguishing the crime charged, the cultivation of marijuana, from the lesser included offense of possession of marijuana, the prosecutor improperly simplified Oklahoma law and misled the jury.  Petition,

pp. 15-16.

Petitioner's allegation of prosecutorial misconduct does not implicate a specific constitutional right and is therefore reviewed only for a violation of due process. *See Patton v. Mullin*, 425 F.3d 788, 811 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 2327 (2006), (citing *Darden v. Wainwright*, 477 U.S. 168 (1986)). "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Patton*, 425 F.3d at 811 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).  To be entitled to habeas relief, a petitioner must establish that the prosecution's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Patton*, 425 F.3d at 811 (citing *Donnelly*, 416 U.S. at 643).  Such a determination may be made only after "tak[ing] notice of all the surrounding circumstances, including the strength of the state's case." *Coleman v. Brown*, 802 F.2d 1227, 1237 (10th Cir. 1986).  Petitioner must establish that the prosecutor's conduct or remarks "so infected the trial with unfairness as to the make the resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643; *Patton*, 425 F.3d at 811.  Any cautionary steps, such as instructions to the jury, offered by the court to counteract improper remarks may also be considered. *Darden*, 477 U.S. at 182. Additionally, defense counsel's failure to object to the comments, while not dispositive, is also relevant to a fundamental fairness analysis. *See Walker v. Gibson*, 228 F.3d 1217, 1241 (10th Cir. 2000); *Trice v. Ward*, 196 F.3d 1151, 1167 (10th Cir. 1999).  Ultimately, the Court considers the jury's ability to judge the evidence in light of the prosecutor's conduct.

12

*Tillman v. Cook*, 215 F.3d 1116, 1129 (10th Cir. 2000).  As discussed below, Petitioner's allegations of prosecutorial misconduct do not support federal habeas relief under this standard.

### A.  <u>Vouching for the Credibility of Witnesses</u>

Petitioner contends that the prosecutor improperly expressed his personal opinion regarding the credibility of the State's witnesses.  Petition, p. 14.  Without reference to specific statements, Petitioner first alleges that during closing argument "the prosecutor argued that the officers would not have made up the confession attributed to Ms. Toy, and they would not have committed perjury, because they could lose their jobs and their pensions." *Id.*

Additionally, Petitioner alleges that the following statements challenged the credibility of the defense expert and vouched for the credibility of the State's witness, particularly Officer Gibson:

> Compar[ing] [the defense expert's background] to the witnesses for the State. Well, just one.  I'll tell you [to] compare it to [Agent] Steven Gibson.  He's dedicated his life to capturing people breaking the law.  He has a 100, he testified about a hundred of the rural grow operations.  He doesn't - you can see he knows what he's doing.

Petition, p. 15.

On direct appeal, the OCCA found "no indication the prosecutor impermissibly vouched for the credibility of the State's witnesses[]" and that the comments "were not personal assurances from the prosecutor of the witnesses' credibility" but rather were arguments in response "to defense counsel's accusations that officers had made up [Ms.

13

Toy's] confession."  Response, Ex. 3, p. 3.

A prosecutor should not personally vouch for the credibility of state witnesses.  *Moore v. Gibson*, 195 F.3d 1152, 1173 (10th Cir. 1999).  Argument is impermissible vouching "only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony."  *Thornburg v. Mullin*, 422 F.3d 1113, 1132 (10th Cir. 2005) (quotation omitted).

Petitioner fails to show how his trial was rendered fundamentally unfair by the prosecutor's remarks regarding the testimony by the arresting officers concerning Ms. Toy's confession.   As discussed in Ground One, the officers' testimony concerning Ms. Toy's confession was properly admitted as evidence against her, and also was redacted and contained no reference to Petitioner, either directly or indirectly.  Further, the jury was instructed that Ms. Toy's confession could not be considered as evidence against Petitioner.  Petitioner fails to show prejudice with respect to alleged vouching by the prosecutor concerning evidence which was not used against him.

Additionally, the prosecutor's argument asking the jury to compare witness backgrounds was not improper because it is permissible to ask a jury to make a credibility determination based upon the trial testimony - as the jury was instructed to do.  *Cf. United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (noting that jury is responsible for making witness credibility determinations based upon evidence introduced at trial).  Since there was testimony about each witness' background, it was not improper to ask the jury to

14

compare such background information.  Nothing in the prosecutor's comments constituted improper vouching.

Furthermore, the prosecutor and the trial court both advised the jury that counsel's arguments could not be considered evidence.  Tr. Vol. IV, p. 68.  *See United States v. Tyler*, Nos. 00-6284, 00-6341, 2002 WL 1354122, *7 (10th Cir. June 21, 2002) (unpublished)[7] (finding prosecutor's comments encouraging jury to determine witness credibility based upon what they saw during trial combined with curative instructions about the evidentiary value of counsel's arguments sufficiently cured any error caused by improper arguments).  Finally, it is unlikely that the prosecutor's arguments had any influence on the jury considering the compelling evidence implicating Petitioner that the State presented which included video surveillance footage.

### B.  Arguments Concerning the Lesser Included Offense

Petitioner acknowledges that the trial court issued an instruction on the lesser included offense of possession of marijuana as well as an instruction on cultivation of marijuana and contends that in discussing the two offenses during closing argument, the prosecutor misled the jury.  Petition, pp. 15-16  (citing Tr. Vol. III, pp. 220-21; Tr. Vol. IV, pp. 3-4).  The prosecutor advised the jury, "[The defendants are] not charged with possession of marijuana and drying it.  They're charged with cultivating it."  Tr. Vol. IV, p. 75.  He also explained: "Possession of marijuana typically when we think of that, that's like having a joint in your

---

[7]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

pocket.  A little bit of marijuana on your possession. A very minor offense."  Tr. Vol. IV, p. 18.  Petitioner contends that these statements erroneously summarized the applicable law and "diverted the jury from properly deciding the issues related to guilt or innocence of the charged offense and/or the lesser-included offense."  Petition, p. 16.

On habeas review, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994).  Under Oklahoma law, possession of marijuana is a misdemeanor offense while cultivation of marijuana is a felony.  *Compare* Okla. Stat. tit. 63, § 2-402, with § 2-509.  Reviewing for plain error, the OCCA characterized the prosecutor's comments as an explanation of the "difference between the lesser included offense and the charged offense in everyday terms the jury could easily understand," and "reasonable inferences based on the evidence."  Response, Ex. 3, p. 3.  The OCCA found that the prosecutor's comments summarized the law applicable to the charged and lesser included offenses in everyday terms and were within "the wide latitude allowed on closing argument." *Id.*  This interpretation of state law by the state's highest criminal court is binding on habeas review.  *See Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) (holding that on habeas review, the state courts' interpretation of the relevant state statute "is a matter of state law binding" on the Tenth Circuit Court of Appeals); *Hawkins v. Mullin*, 291 F.3d 658, 662 (10th Cir. 2002) (stating in habeas proceedings that the "court is bound by the state court's interpretation of its own law") (citations omitted).  Moreover, any errors made in the prosecutor's summary were cured by the written instructions that the jury took into

deliberations.  *See Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994).

Petitioner has not shown that the prosecutor's remarks were improper and deprived him of a fair trial.  Thus, the OCCA's determination that the prosecutor's jury arguments were proper was not contrary to or an unreasonable application of clearly established federal law.  Accordingly, Petitioner is not entitled to habeas relief in Ground Two.

### III.  Ineffective Assistance of Trial Counsel - Ground Three

Petitioner next claims that trial counsel rendered ineffective assistance by (1) failing to ensure that testimony regarding Ms. Toy's confession was excluded from the joint trial; (2) failing to object to the prosecutor's arguments challenged in Ground Two; (3) by conceding Petitioner's guilt during closing argument; and (4) by presenting expert testimony that was damaging to his defense.  Petition, pp. 17-22.

To establish that counsel was ineffective, a habeas petitioner must show (1) counsel's performance was constitutionally deficient and (2) counsel's deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).  Performance is deficient if counsel's "representation [falls] below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Prejudice is shown if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  Counsel's performance is evaluated from the attorney's perspective at the time the assistance is rendered and

considered in light of all the circumstances prevailing at that time.  *Id.* at 689.  There is a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance."  *Id.*

### A.  Failure to Obtain Exclusion of Ms. Toy's Confession

Petitioner points out that at the *Jackson v. Denno* hearing, counsel asked the court to exclude Ms. Toy's roadside confession because it was not recorded or reduced to writing and there was nothing to ensure that the arresting officers' recollection of the confession was accurate.  Petition, p. 18 (citing Tr. Motion Hearing, p. 92).  Petitioner contends although counsel objected on the basis of reliability, he "fail[ed] to cite controlling case law," and that Petitioner was prejudiced by counsel's failure to have the testimonial statements suppressed because he did not have the opportunity to cross-examine the declarant.  Petition, p. 18.

As discussed in connection with Ground One, the admission of a nontestifying codefendant's confession which directly inculpates the defendant at their joint trial violates the defendant's Sixth Amendment right to confront the witnesses against him.  *Bruton v. United States*, 391 U.S. 123, 126 (1968).  However, because the trial court *sua sponte* ordered the redaction of Ms. Toy's statements the jury heard only Ms. Toy's admission regarding her own actions in connection with the alleged criminal activity.  In the officers' testimony as to Ms. Toy's statements, no direct or even indirect reference was made to Petitioner.  Additionally, the jury was properly instructed as to the consideration to be given Ms. Toy's statements.  Thus, Petitioner has not shown that his counsel's failure to assert a confrontation challenge to the testimony concerning Ms. Toy's statements was outside the

wide range of reasonable assistance required of defense counsel under *Strickland*.

Moreover, given Petitioner's expressed request to proceed in a joint trial with joint representation, any objection by counsel to such testimony on the basis of the Confrontation Clause would likely have been unsuccessful. The failure to raise meritless arguments does not constitute deficient performance. Under these circumstances, Petitioner cannot show that raising a Confrontation Clause challenge would have changed the outcome of his trial. Accordingly, relief should also be denied on this claim of ineffective assistance of counsel.

## B. **Failure to Object to Closing Argument Remarks**

Petitioner argues that trial counsel rendered ineffective assistance by failing to object to the "improper" jury arguments discussed in Ground Two. Petition, pp. 18-19. Reviewing this claim on direct appeal, the OCCA found that the prosecutor's arguments were not improper, so "any objections raised by defense counsel would have been overruled." Response, Ex. 3, p. 4. Thus, it concluded, counsel did not perform deficiently. *Id.*

As previously discussed, the prosecutor's arguments were not improper and did not deprive Petitioner of a fair trial. As the OCCA noted, the failure to raise meritless objections is not a ground for finding that counsel performed deficiently. *Cook*, 45 F.3d at 393.

Additionally, in closing, Petitioner's counsel argued:

And I'm going to go through the evidence this morning and I'm going to suggest to you and there's no doubt that [the State] presented some evidence that [the defendants] could have done this. There's no doubt that [the State] presented some evidence that they probably did it.

Tr. Vol. IV, p. 36. Petitioner contends this statement constitutes ineffective assistance

because "counsel appeared to concede the defendants were guilty. . . ." Petition, p. 19.  The

OCCA found that, viewed in context, defense counsel "definitely" did not concede guilt.

Response, Ex. 3, p. 4.

Conceding a client's guilt is deficient performance.  *See Fisher v. Gibson*, 282 F.3d

1283, 1304 n.12 (10th Cir. 2002).  Prejudice is presumed to follow an attorney's concession

of guilt.  *United States v. Williamson*, 53 F.3d 1500, 1511 (10th Cir. 1995).  When there is an

allegation that counsel conceded guilt, the focus is "whether, in light of the entire record, the

attorney remained a legal advocate of the defendant who acted with undivided allegiance and

faithful, devoted service to the defendant." *Id.* (citations and quotations omitted).

Viewing counsel's statement in context, as the OCCA did, it is clear that counsel did

not concede guilt or cease to act as Petitioner's advocate.  Immediately before making the

argument, counsel told the jury that his clients' defense in the case was that they were not

guilty and the State was required to prove its case beyond a reasonable doubt.  He

summarized the meaning of that burden:

> Not putting on some evidence, not even proving that they probably did it.  If
> you believe that what this state of Oklahoma did was prove that these folks
> probably cultivated marijuana, probably did it, then under the law they are not
> guilty because the case has not been proven beyond a reasonable doubt.

Tr. Vol. IV, p. 35.

At various other points throughout the closing argument, Petitioner's counsel

reminded the jury that they could not convict the defendants unless the evidence showed guilt

beyond a reasonable doubt.  He explained the instruction of presumption of innocence and

he pointed out what he contended were inconsistencies in the State's case, creating a reasonable doubt as to his clients' guilt. Tr. Vol. IV, pp. 35-49. The isolated statement that Petitioner has extracted from the closing argument is not a concession of guilt. Rather, when the trial record and closing argument as a whole are considered, counsel clearly remained Petitioner's vigorous advocate who more than fulfilled the basic duty to, "at the minimum . . . hold the state 'to its heavy burden to prove guilt beyond a reasonable doubt.'" *Fisher*, 282 F.3d at 1306 (quoting *United States v. Cronic*, 466 U.S. 648, 657 n.19 (1984)). Petitioner is not entitled to habeas relief on this claim of ineffective assistance.

### C. **Presentation of Damaging Expert Testimony**

Petitioner's counsel presented the testimony of Chris Conrad, a court-qualified cannabis expert. Tr. Vol. III, pp. 88, 99. During direct examination, counsel elicited testimony from Conrad to support Petitioner's defense. In particular, Conrad informed the jury that he found feral marijuana growing in Noble County the day before he testified, he did not believe that the surveillance tapes showed activity that could be affirmatively characterized as cultivating marijuana, and he offered an innocent explanation for Petitioner and Ms. Toy's activities in the marijuana patch. *Id.*, pp. 102, 106-109, 112-13, 116, 122, 124, 126-27, 130-33, 135. He also attacked the State's calculations as to the possible yield from the marijuana field. *Id.*, pp. 122, 124-25, 178-86.

During cross-examination, the prosecutor questioned Conrad about his professional background and personal beliefs to bring out information that may have caused some jurors to discredit Conrad's testimony. Tr. Vol. III, pp. 141-54. For example, Conrad testified that

he believed that the D.A.R.E. (Drug Abuse Resistance Education) program promoted some erroneous beliefs about marijuana use and he had written a brochure titled: "Why DARE Is Bad for School, Police, Parents, and Kids." *Id.*, pp. 142-43, 149.  Conrad also disclosed that he favored legalizing marijuana with certain restrictions so long as its use is taxed and regulated.  *Id.*, pp. 142-43.  Additionally, Conrad acknowledged that he once played a character named "Johnny Marijuana Seed" in a PBS program, wrote a play titled *Marijuana! A Comedy of Sorts*, and wrote for *High Times* magazine, a "progressive" marijuana lifestyle publication that once ranked him as one of the "25 Living Legends of Pot." *Id.*, pp. 144, 147-48.

Petitioner contends that calling Conrad to testify gave the prosecutor the chance to elicit this negative information and shows that counsel pursued strategies without "conducting a thorough investigation, and in an unprepared and ill-informed manner, rendering the defense strategy patently unreasonable and defense counsel's performance objectively unreasonable . . ."  Petition, p. 22.

In rejecting this claim on direct appeal, the OCCA determined that choosing to call Conrad as an expert witness was not an objectively unreasonable trial strategy.  Response, Ex. 3, pp. 5-6.  The Court noted that Conrad was the only witness to offer an alternative, innocent explanation for Petitioner's conduct.  *Id.*, p. 5.

When evaluating an ineffective assistance claim, counsel's challenged conduct and strategic decisions are judged for reasonableness "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.  Thus, counsel's choices

should not be viewed with the benefit of hindsight.  *See Richie v. Mullin*, 417 F.3d 1117, 1123 (10th Cir. 2005), *cert. denied*, 547 U.S. 1045 (2006).  Generally speaking, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).  Consequently, a habeas petitioner  bears the burden to show that counsel's action or inaction was not based on a valid strategic choice.  *Bullock v. Carver*, 297 F.3d 1036, 1046-47 (10th Cir. 2002).  The overarching concern is whether counsel's performance was objectively unreasonable.  *Id.*, pp. 1047-48.

Petitioner has failed to demonstrate that trial counsel's decision to call Conrad to testify was objectively unreasonable.  Counsel submitted Conrad's lengthy *curriculum vitae*, Petition, p. 20, and therefore surely anticipated that the prosecution would inquire into Conrad's potentially unpopular beliefs on cross-examination.   Nevertheless, counsel determined that using Conrad's testimony to try to create reasonable doubt, even with the risk that damaging information would arise on cross, was more beneficial to defending Petitioner than failing to present any alternative explanation for the State's evidence at all.   During cross-examination, counsel objected to the prosecutor's repeated inquiries into Conrad's personal beliefs and tried to mitigate damage by eliciting testimony on re-direct to show that Conrad's testimony was based upon the evidence he examined and not his personal beliefs. Tr. Vol. III, pp. 153-54; pp. 187-90.  Conrad offered an innocent explanation for the video evidence and opined that he did not believe it affirmatively showed activities consistent with cultivating marijuana.  *Id.*, pp. 102; 106-109; 112-13; 116; 122; 124; 126-27; 130-33; 135.

Further, Petitioner's counsel skillfully addressed this during closing arguments as he acknowledged Conrad's "weird" beliefs, but he pointed out that while he did not approve of Conrad, he brought Conrad in to testify because he is an expert on cultivation of marijuana, which even the State could not refute.  Tr. Vol. IV, pp. 58-60.  Finally, Petitioner does not suggest alternative witnesses, expert or otherwise, that counsel should have called in his defense.

Counsel's strategic determinations must be judged at the time they are made and are presumptively reasonable.  *Strickland*, 466 U.S. at 690.  Petitioner's counsel was charged with the difficult task of defending a client charged in the face of video surveillance footage, the use of a watering system in conjunction with the marijuana cultivation, and an electric bill in Petitioner's name for the property being used to grow the marijuana.  Tr. Vol. II, p. 167.  Petitioner offers nothing more than speculation that counsel's decisions were objectively unreasonable.  This is insufficient to meet the burden to prove an ineffective assistance of counsel claim on habeas review.   As a result, Petitioner fails to show that counsel rendered ineffective assistance in this regard.

In sum, the undersigned finds that Petitioner has failed to show that the challenged actions by counsel amounted to objectively unreasonable performance.  Thus, it is not necessary to consider the existence of prejudice.  *Strickland*, 466 U.S. at 697.  Therefore, the undersigned finds that the OCCA's determination that Petitioner's ineffective assistance claims lacked merit is neither contrary to nor an unreasonable application of clearly established federal law.  Accordingly, Petitioner is not entitled to relief in Ground Three.

24

## IV. **Cumulative Error**

In his final ground for relief, Petitioner alleges that cumulative error deprived him of a fundamentally fair trial. On direct appeal, the OCCA denied Petitioner's claim of cumulative error finding no error with respect to any of the propositions raised on direct appeal and, therefore, no cumulative error. Response, Ex. 3, p.6. "Cumulative error analysis is an extension of harmless error and conducts the same inquiry as for individual error focusing on the underlying fairness of the trial." *Darks v. Mullin*, 327 F.3d 1001, 1018 (10th Cir. 2003) (citations and internal quotations omitted). The cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error. *Duckett v. Mullin*, 306 F.3d 982, 992 (10th Cir. 2002).

Here, Petitioner has failed to establish two or more individually harmless errors and, therefore, there is no basis upon which to find cumulative error. *See, e.g., Gonzales v. Tafoya*, 515 F.3d 1097 (10th Cir. 2008), *cert. denied*, __S.Ct.__, 2008 WL 2717570 (October 6, 2008) (denying petitioner's claim that he was prejudiced by the cumulative effect of his counsel's errors where court concluded counsel's performance was not constitutionally deficient and, therefore, there was no error to cumulate); *United States v. Caballero*, 277 F.3d 1235, 1249 (10th Cir. 2002 ) ("Cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.") (internal quotation marks omitted). Accordingly, the OCCA's cumulative error analysis is not contrary to or an unreasonable application of clearly established federal law. *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) (state court's rejection of petitioner's cumulative error claim was

25

not contrary to or an unreasonable application of federal law: there can be no cumulative

error analysis, because this analysis "does not apply to the cumulative effect of non-errors.").

Accordingly, it is recommended that habeas corpus relief be denied on this claim as well.

### <u>RECOMMENDATION</u>

Based upon the foregoing analysis, it is recommended that the petition for a writ of

habeas corpus be denied.  Petitioner is advised of his right to file an objection to this Report

and Recommendation with the Clerk of this Court by the 20th day of November, 2008, in

accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that

failure to make timely objection to this Report and Recommendation waives his right to

appellate review of both factual and legal questions contained herein.  *Moore v. United*

*States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all

issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st  day of October, 2008.


_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE